# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| RACHEL BOND #547708, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 1:20-cv-00028 |
| ) | |
| WARDEN STANLEY ) | JUDGE CAMPBELL |
| DICKERSON, ) | |
| ) | |
| Respondent ) | |

## MEMORANDUM

Respondent moves to dismiss this habeas corpus action as untimely. (Doc. No. 8.) Petitioner has responded in opposition to the motion. (Doc. No. 10.) The Court has reviewed the parties' filings and agrees with Respondent that the petition is untimely and that Petitioner is not entitled to equitable tolling of the statute of limitations.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of first degree murder and sentenced to life in prison in the Criminal Circuit Court for Lawrence County, Tennessee. (Doc. No. 7-1 at 60.) The Tennessee Court of Criminal Appeals affirmed on direct appeal on August 31, 2016. (Doc. No. 7-13.) Petitioner did not seek discretionary review in the Tennessee Supreme Court, and her 60-day window to do so expired on Monday, October 31, 2016 (the first business day after the 60th day). Tenn. S. Ct. R. 11(b) (providing 60-day deadline to file application for permission to appeal).

Petitioner filed her original post-conviction petition in state court on August 23, 2017.[1] (Doc. No. 7-15 at 14.) The post-conviction court denied relief, and the Tennessee Court of

---

[1] This is the date on which Petitioner dated the certificate of service on her post-conviction petition, which was stamped filed by the state court on August 25, 2018. (*See* Doc. No. 7-15 at 8.) It is unclear

Criminal Appeals affirmed the denial on September 19, 2019. (Doc. No. 7-20.) This time Petitioner did seek review in the Tennessee Supreme Court, which denied her application on February 19, 2020. (Doc. No. 7-23.)

Petitioner filed her habeas corpus petition in this Court on May 6, 2020. (Doc. No. 1 at 9.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d). Under this provision, the limitations period runs from the latest of four enumerated events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege any circumstances triggering subsections (B)–(D). Accordingly, her limitations period began to run when the time expired for her to seek additional review after the Tennessee Court of Criminal Appeals affirmed her conviction on direct

---

whether the plain language of the Tennessee Supreme Court rule establishing the "prison mailbox rule" for certain pro se post-conviction filings applies to a post-conviction filing that is timely. *See Shade v. Washburn*, No. 3:19-CV-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting that Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem filed a pro se prisoner's timely post-conviction filing). But it appears that, in at least one opinion, the Tennessee Court of Criminal Appeals deemed a timely post-conviction petition filed when it was "presented to prison officials for mailing." *See Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d) and Tenn. Sup. Ct. R. 28, § 2(G)). Accordingly, this Court will do the same here. The Court notes, however, that this assumption is not determinative to the outcome of this case.

2

appeal.

Petitioner asserts in her petition and in her response to Respondent's motion to dismiss that her review period did not expire until 90 days after the Tennessee Court of Criminal Appeals ruled, because the United States Supreme Court provides 90 days to seek certiorari in that Court. (Doc. No. 1 at 8; Doc. No. 10 at 1–2.) She is correct about the 90-day window to seek certiorari in the United States Supreme Court, *see* S. Ct. R. 13.3 (providing 90 days from date of entry of the judgment or order sought to be reviewed), but incorrect in her assumption that that rule applies to her case. Certiorari in the United States Supreme Court exists to review appeals from federal courts or from the judgment of "a state court of last resort." *Id.* Federal law gives the United States Supreme Court jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). The highest court and court of last resort in Tennessee is the Tennessee Supreme Court. Accordingly, at the time the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction on direct appeal, her case was not in a position from which she could have sought certiorari from the United States Supreme Court. The 90-day certiorari window, therefore, has no bearing on when her AEDPA limitations period began to run.

Instead, the relevant appeal window is the 60-day window within which Petitioner could have sought review by the Tennessee Supreme Court pursuant to Tennessee Supreme Court Rule 11(b). As explained above, that window closed on Monday, October 31, 2016, which is when Petitioner's criminal judgment became final for purposes of Section 2244(d)(1)(A). Petitioner tolled her one-year limitations period 296 days later, when she submitted her state post-conviction petition on August 23, 2017. *See* 28 U.S.C. § 2244(d) (providing that limitations period is tolled while any properly filed collateral challenge is pending in state court). The period remained tolled,

3

with 69 days remaining, until the Tennessee Supreme Court denied review on February 19, 2020.[2] It therefore expired 69 days later, on April 28, 2020. Petitioner's habeas corpus petition, which she submitted to prison authorities for mailing on May 6, 2020, was eight days late. (Doc. No. 1 at 9.) Her petition is therefore time-barred unless she can establish a basis for tolling the limitations period for those eight days.

AEDPA's one-year statute of limitations may be subject to equitable tolling when the failure to file in a timely fashion "unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 461 (6th Cir. 2012); *accord Holland v. Florida*, 460 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). This is a fact-intensive inquiry to be evaluated on a case-by-case basis, and Petitioner carries "the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling*, 673 F.3d at 462.

Petitioner is adamant that her petition is timely, so she has not asserted any theory in support of equitable tolling. The Court has considered whether Petitioner's mistaken belief that her judgment was not final until 90 days after the Tennessee Court of Criminal Appeals' ruling would support equitable tolling. But the law is clear that a prisoner's lack of actual knowledge about available legal remedies or the time limits for pursuing them is not a sufficient basis for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (lack of actual knowledge of

---

[2] The AEDPA limitations period is not tolled by the 90-day United States Supreme Court certiorari period following the conclusion of state post-conviction proceedings. *See Lawrence v. Fla.*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.").

§ 2244 deadline insufficient to toll); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) (holding that "ignorance about filing a § 2255 motion did not toll the limitations period"); *Clinton v. Bauman*, No. 10-11528, 2011 WL 282384 (E.D. Mich. Jan. 25, 2011) (ignorance of state post-conviction remedies did not warrant tolling); *Williams v. Warden of Lieber Corr. Inst.*, No. 0:12-1705, 2013 WL 1857268 (D.S.C. May 2, 2013) (petitioner's unawareness that he could file a federal habeas petition not grounds for equitable tolling). Even if Petitioner's attorney on direct appeal failed to advise her or affirmatively misinformed her about when her judgment would become final, her mistake would not warrant equitable tolling: "[i]nsufficient legal advice is not enough to support equitable tolling in the Sixth Circuit." *Steward v. Moore*, 555 F. Supp. 2d 858, 872 (N.D. Ohio 2008) (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)); *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016) ("Generally, an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling."). Accordingly, this case presents no circumstances enabling Petitioner to overcome the untimeliness of her petition.

### III. CONCLUSION

For the reasons explained above, the petition is untimely, and Petitioner has not established any basis for equitable tolling in this case. Accordingly, Respondent's motion to dismiss will be granted.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE